UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:09-CR-855-1 |
| | § | |
| STEVEN GUAJARDO SERVANTES | § | |

## ORDER

Steven Guajardo Servantes filed a notice of appeal from this Court's denial of his motion for sentence reduction pursuant Amendment 782 to the United States Sentencing Guidelines. The Fifth Circuit Court of Appeals notified this Court that Servantes' notice of appeal was filed late and remanded to this Court to determine whether the late filing should be excused for good cause or on the grounds of excusable neglect.

This Court denied Servantes' motion to reduce sentence on February 12, 2015. The Order was entered on the docket on February 18, 2015. Because a motion regarding sentence reduction is considered a continuation of criminal proceedings, Servantes had 14 days after February 18, 2015, or until March 4, 2015, to file his notice of appeal. Fed. R. App. P. 4(b)(1); *see United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).

Servantes' notice of appeal includes a certificate of service that states he signed the notice on March 5, 2015. D.E. 24. Rule 4(c), "the mailbox rule," applies to prisoners and deems the notice filed on the date it is given to prison officials for mailing. Servantes' notice was mailed one day too late.

This Court may construe a late filed notice to include a request or an extension of time to file a notice of appeal. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) ("follow[ing] our customary practice in criminal cases by treating Plascencia's late notice of

appeal as a Rule 4(b)(4) motion for extension of time to file an appeal."). An extension may be granted upon a finding of "excusable neglect or good cause." Fed. R. App. P. 4(a)(5). The Rule does not define "good cause" or "excusable neglect."

The Supreme Court has interpreted excusable neglect to encompass "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 388 (1993) (construing Bankruptcy Rule 9000(b)(1)). The Fifth Circuit has applied *Pioneer* to Appellate Rule 4(b). *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995) (Clark I) (applying *Pioneer* to Rule 4(b)).

"Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. The factors to be considered in determining excusable neglect are "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial procedures, the reason for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith." *Id*. The *Pioneer* court excused a late filing by counsel on behalf of a creditor because the notice given by the court below was different from that usually employed and all the other factors weighed in that party's favor. In *United States v. Clark*, 193 F.3d 845, 847 (5th Cir. 1999) (Clark II) the Fifth Circuit noted that the Supreme Court clarified the *Pioneer* rule to allow an attorney's failure to timely file to constitute excusable neglect in some circumstances. *Clark II*, 193 F.3d at 847 (citing *Stutson v. United States*, 516 U.S. 193 (1996)) (reversing and remanding in case where a one day late filing of a notice of appeal had been rejected by the courts below in a criminal case).

## CONCLUSION

Servantes is ORDERED to provide this Court with an Affidavit advising the Court of facts to support a finding of good cause or excusable neglect. The Affidavit should explain why Servantes' notice of appeal was not deposited in the prison mail on or before March 4, 2015. Servantes' Affidavit shall be placed in the prison mail within 30 days from the date of this Order.

SIGNED and ORDERED this 28th day of July, 2015.

_____
Janis Graham Jack
Senior United States District Judge